IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |
|---|---|
| ROBERT HOROWITZ, | * |
| Plaintiff, | * |
| v. | * |
|  | *  Civil No. 22-00139-BAH |
| ALEXANDER GREENBERG, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Robert Horowitz brings breach of contract and unjust enrichment claims against Alexander Greenberg.[1] ECF 1; ECF 37 (amended complaint). Currently pending before the Court is Defendant's motion for reconsideration of the Court's September 26, 2024 Memorandum Opinion (ECF 181) and Order (ECF 182) addressing the parties' respective motions for summary judgment. ECF 187. Plaintiff has filed a response, ECF 196, and Defendant has filed a reply, ECF 201. In addition, Defendant has made three motions to seal his filings. ECFs 184, 188, 198. All filings include memoranda of law.[2] The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). Accordingly, for the reasons stated below, Defendant's motions to seal are **GRANTED** while the motion for reconsideration is **DENIED**.

---

[1] Plaintiff originally also brought suit against Crossroads Advisors, LLC, Crossroads Investments LP, Crossroads Partners LP, and Crossroads Assets, LLC. These defendants were terminated as parties to the action on September 26, 2024. *See* ECF 182.

[2] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

I. **BACKGROUND**

The underlying facts of this action were set out in the Court's September 26, 2024 memorandum opinion. *See* ECF 181. The Court will assume the parties' familiarity with the relevant facts at this stage and so does not repeat them here.

II. **LEGAL STANDARD**

Under Rule 59(e), the Court may alter or amend its prior ruling in three situations: (1) where "there has been an intervening change of controlling law," (2) where "new evidence has become available," or (3) where "there is a need to correct a clear error or to prevent manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010). "This Court has emphasized that '[c]lear error or manifest injustice occurs where a court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . .'" *Negash v. United States*, No. 17-1954-RDB, 2018 WL 3428716, at *3 (D. Md. July 16, 2018) (quoting *Wagner v. Warden*, Civ. No. 14-791-ELH, 2016 WL 1169937, at *3 (D. Md. Mar. 24, 2016) (internal quotation marks omitted)), *aff'd*, No. 18-1869, 2019 WL 2005678 (4th Cir. May 7, 2019).

"The grounds for reconsideration are purposefully narrow to prevent the motion from being used to 'ask the Court what the Court had already thought through—rightly or wrongly.'" *Crocetti v. Comm'r, Soc. Sec. Admin.*, Civ. No. 17-1122-SAG, 2018 WL 3973074, at *1 (D. Md. Aug. 1, 2018) (quoting *Potter v. Potter*, 199 F.R.D. 550, 552 (D. Md. 2001)). A litigant's "mere disagreement" with a ruling is not enough to justify a motion for reconsideration. *Lynn v. Monarch Rec. Mgmt, Inc.*, 953 F. Supp. 2d 612, 620 (D. Md. 2013). Accordingly, "the prior judgment cannot be 'just maybe or probably wrong; it must . . . strike the court as wrong with the force of a five-week-old, unrefrigerated dead fish.'" *Fontell v. Hassett*, 891 F. Supp. 2d 739, 741 (D. Md.

2

2012) (citation omitted). In other words, the Court's previous judgment must be "dead wrong." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009).

Additionally, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998); *see also Kelly v. Simpson*, 16-4067-RDB, 2017 WL 4065820, at *1 (D. Md. Jan. 26, 2017); *Lynn v. Monarch Rec. Mgmt, Inc.*, 953 F. Supp. 2d 612, 620 (D. Md. 2013). In short, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed.1995)). "The district court has considerable discretion in deciding whether to modify or amend a judgment." *Fleming*, 2012 WL 12877387, at *1.

### III. ANALYSIS

#### A. Motions to Seal

Local Rule 105.11 provides that "[a]ny motion seeking the sealing of . . . motions, exhibits[,] or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." The common law presumes that the public has a right to inspect judicial records and documents, though this may be outweighed by the parties' interest in sealing documents. *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988).

"[W]hen a district court is presented with a request to seal certain documents, it must determine two things: (1) whether the documents in question are judicial records to which the common law presumption of access applies; and (2) whether the documents are also protected by the more rigorous First Amendment right of access." *Butler v. DirectSAT USA, LLC*, 47 F. Supp.

3

3d 300, 316 (D. Md. 2014) (citing *In re Application of the United States for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013)). "[T]he non-moving party must be provided with notice of the request to seal and an opportunity to object. This requirement may be satisfied . . . by docketing the motion reasonably in advance of deciding the issue." *Butler*, 47 F. Supp. 3d at 316 (internal quotations and citations omitted). And the Court must consider less drastic alternatives to sealing. *Id.*

Defendant requests that documents filed in support of his motion for reconsideration be sealed because they contain excerpts from Plaintiff's deposition, and the Court previously ruled at ECF 168 that the transcript of the deposition should remained sealed in its entirety. ECF 184, at 2 ¶ 4; *see also* ECF 188, at 2 ¶ 4 and ECF 198 at 2 ¶ 4. In accordance with its earlier order, the Court will grant Defendant's three motions to seal.

**B.     Motion for Reconsideration**

Defendant moves for reconsideration of the Court's September 26, 2024 memorandum and order, *see* ECFs 181 and 182, which denied Defendant's earlier motion for summary judgment as to Count I of Plaintiff's complaint. ECF 187, at 1. Specifically, Defendant challenges the Court's determination that it could not "find that it is undisputed that the alleged partnership [between Plaintiff and Defendant] had a definite term" and argues that this was the incorrect approach to considering whether the agreement came within the Statute of Frauds. ECF 187, at 1 (quoting ECF 181, at 23). Instead, Defendant contends, the Court should, following the relevant Maryland law, conclude 1) that the appropriate question is whether the alleged partnership was "capable of performance within one year," 2) that the partnership could not have been performed within a year, and 3) grant summary judgment on Count I based on the Statute of Frauds. *Id.* at 2–3.

The case Defendant primarily relies on, *Griffith v. One Investment Plaza Associates*, explains the relevant consideration under the Statute of Frauds:

4

> [T]here are two sets of circumstances under which the one-year provision of the Statute of Frauds will bar a claim. One occurs when the parties "'expressly and specifically' agreed that their oral contracts were not to be performed within one year." *Sun Cab Co. v. Carmody*, 263 A.2d 1, 3 (Md. 1970)). The other occurs when it is impossible by the terms of the contract for it to be performed fully within one year. *Chesapeake Fin. Corp. v. Laird*, 445 A.2d 1348, 1351 (Md. 1981).

488 A.2d 182, 184 (Md. App. 1985). The record evidence that Defendant cites to as "undisputed" evidence of a definite term of duration simply does not rise to the level of the kind of "express and specific" agreement needed to bring an agreement within the remit of the Statute of Frauds. Instead, Defendant's argument reiterates what was already presented in the motion for summary judgment: namely, that Plaintiff allegedly previously represented that the partnership "was required to continue until at least 2026" and so cannot now claim that performance within a year was possible. ECF 187, at 4. In support of this contention, Defendant points specifically to Plaintiff's August 7, 2023 deposition testimony, which is as follows:

> Q: Why did you believe it was appropriate to carry this 7.08 percent through 2026?
> A. Because that's when the collaboration would have ended, according to my conversation in 2017 December with Alex Greenberg
> Q: Okay
> A: He [ ] said that he didn't want to work beyond that point.

ECF 177-6, at 13, 43:21–44:6. Again, this is plainly not evidence of an "express and specific" agreement that the performance was not to be tendered within one year. "It makes no difference how long the parties expect performance to take or how reasonable and accurate those expectations are, if the agreed performance can possibly be completed within a year." *Gen. Fed. Const., Inc. v. James A. Federline, Inc.*, 393 A.2d 188, 190 (quoting 2 A. Corbin, *Corbin on Contracts*, § 444, at 535 (1950)). Even "[a] provision in the contract fixing a *maximum period* within which performance is to be completed, even though that period is much in excess of one year, *does not make the statute applicable*." *Id.* (quoting Corbin, § 444, at 535) (emphasis added). In the deposition testimony cited by Defendant, Plaintiff testified that the date of 2026 was the date by

which Defendant wanted to stop working, implying a maximum period but not a specific duration of performance.

Such a finding is in keeping with the principle articulated in both *Griffith* and *Federline* and is further borne out by Plaintiff's response to Defendant's interrogatories, in which Plaintiff averred that the parties anticipated Greenberg would "retire as 50% partner in approximately ten years." ECF 175-26, at 6. Again, this resembles more the maximum period for performance contemplated by *Federline* than an absolute bar against the possibility of performance within a year; indeed, the use of the word "approximately" suggests Defendant's intent to retire in a certain time frame, not that he made a specific promise to refrain from doing so until ten years elapsed. Finally, though Defendant construes Plaintiff as representing that the partnership was for a fixed duration in Plaintiff's earlier motion for summary judgment, what Plaintiff actually says in the relevant document is, "defendants *assert* I am claiming a fixed duration for the partnership." ECF 161, at 29 (emphasis added). Plaintiff then goes on to argue, "[a] partnership carrying on a particular undertaking or for a fixed duration (or both) is not terminable at will." *Id.* This plainly does not amount to an overt assertion that a fixed term did, in fact, exist, but instead represents a general line of argumentation; it is not a specific claim made by Plaintiff, and it is not record evidence.

Fundamentally, the Maryland Statute of Frauds "will not apply where the contract can, *by any possibility*, be fulfilled or completed in the space of a year, *although the parties may have intended its operation should extend through a much longer period.*" *Ellicott v. Turner*, 4 Md. 476, 488 (1853) (emphasis in original). None of the evidence offered by Defendant shows either that the parties specifically and expressly agreed to a term extending beyond one year, or that performance within that time frame was impossible. Defendant merely attempts, as he has

6

previously done, to conflate a "maximum period within which performance is to be completed," *Federline*, 393 A.2d at 190, with a term that makes performance within a year impossible. The Court has no basis on which to conclude that, as a matter of law, the partnership agreement could not have been performed in a year and so will not revisit its decision to deny summary judgment to Defendant on Count I. There has been no intervening change of law, no new evidence has become available, and there is no need to correct a clear error. Defendant essentially asks the Court to revisit its prior ruling simply because Defendant disagrees with it. As explained above, disagreement is not sufficient grounds for reconsideration.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motions to seal are GRANTED and Defendant's motion for reconsideration is DENIED.

A separate implementing Order will issue.

Dated: April 29, 2025

/s/
Brendan A. Hurson
United States District Judge