## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| ROBERT HOROWITZ, | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. 22-139-BAH |
| ALEXANDER GREENBERG, | * | |
| Defendant. | * | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \* .   \*    \*    \*    \*    \*    \*

## <u>MEMORANDUM AND ORDER</u>

On May 26, 2026, the Court entered a memorandum of decision and order of judgment in favor of Defendant Alexander Greenberg ("Greenberg") and against Robert Horowitz ("Horowitz"). *See* ECF 254 (memorandum); ECF 255 (order). This ruling came after a three-day bench trial on the question of whether there was an oral partnership agreement formed between Horowitz and Greenberg at the much-discussed Philadelphia lunch in 2017 or anytime thereafter and, if so, what the terms of that partnership were and whether they were breached. In short, the Court concluded that Horowitz did not meet his burden of showing that a partnership was formed, and thus did not reach the other questions. On June 23, 2026, Horowitz filed a motion to alter the Court's judgment pursuant to Federal Rule of Civil Procedure 59(e). *See* ECF 256. For the reasons explained below, that motion will be denied.

Rule 59(e) provides that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "'It is the moving party's burden to establish one of . . . three grounds' to attain relief." *Hartnett v. Hardenbergh,* 821 F. Supp. 3d 549, 552 (E.D. Va. 2026) (quoting *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.,* 674

F.3d 369, 378 (4th Cir. 2012)). Rule 59(e) motions may be "granted '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Clear Touch Interactive, Inc. v. Ockers Co.*, 171 F.4th 715 (4th Cir. 2026) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Courts grant Rule 59(e) relief only in exceptional circumstances, as it remains 'an extraordinary remedy that should be applied sparingly[.]'" *Hartnett*, 821 F. Supp. 3d at 552 (quoting *Moke Am. LLC v. Moke Int'l Ltd.*, 126 F.4th 263, 283 (4th Cir. 2025)).

In a five-page memorandum accompanying a two-page motion, Horowitz argues that the motion should be granted because the Court's prior order results in "manifest injustice." ECF 256-1, at 3 (citing *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007)). Horowitz offers "two reasons" the Court should reach that conclusion. *Id.* First, Horowitz argues that the Court's conclusion that nothing more than an enhanced services agreement existed between Insiders Edge and Crossroads during the relevant time period "contradicts Defendant's sworn statement that 'Plaintiff' – not Insiders Edge, LLC – 'was engaged' and '[h]e' was allegedly terminated from that position in March 2019." *Id.* The statement Horowitz references is an interrogatory response which was of no import at trial but instead was noted in Horowitz's opposition to a prior motion in limine, which the Court ultimately denied as moot in its order of judgment. *See id.* at 2 & n.1 (citing ECF 224, at 13). Second, Horowitz argues that "the Court's decision results in an outcome where Defendant acknowledged there was work done by Plaintiff in 2019 pursuant to that agreement, that Plaintiff was never paid for either the Insiders Edge reports or the 'enhanced services' for that year, and then allows Defendant to sidestep liability for that lack of payment by accepting his position that directly contradicts his prior sworn statement." *Id.* at 3–4.

2

"[F]or a court to reconsider a decision due to manifest injustice, the record presented must be so patently unfair and tainted that the error is manifestly clear to all who view it." *In re D.C. Diamond Corp.*, No. 1:19-CV-463, 2020 WL 13605457, at \*2 (E.D. Va. Mar. 16, 2020), *aff'd*, 816 F. App'x 873 (4th Cir. 2020). Horowitz's arguments fall far below the high bar necessary to show "manifest injustice." As an initial matter, the Court observes that the sentence Horowitz quotes from the Court's memorandum of decision does not necessarily conflict with the statement Greenberg made in his interrogatory response. *See* ECF 256-1, at 3. As the Court emphasized in its decision, Horowitz headed the organization Greenberg's hedge fund engaged for research and analysis. That Greenberg referred to Horowitz as "engaged" and "terminated" in 2019 is not definitive proof that Horowitz was employed in his individual capacity by Greenberg or Crossroads during that time. Such a statement is consistent with colloquially referring to Insiders Edge, or Horowitz's work through Insiders Edge, rather than Horowitz as an individual alone.

Regardless, that Horowitz presumably has no recourse for any "work done by" him "in 2019 pursuant to" the enhanced services agreement,[1] *id.*, is not a result of the Court's decision, but rather of how Horowitz chose to litigate this case. In the amended complaint, Horowitz asserted four counts—breach of contract, unjust enrichment, accounting, and breach of fiduciary duty. ECF 37, at 10–14. In the breach of contract count, Horowitz asserted only that "Plaintiff and Greenberg, and/or Greenberg on behalf of the defendant Crossroads entities, entered a legally binding and enforceable verbal contract . . . *to share profits as investment management partners* under terms

---

[1] Although outside of the question the Court ultimately answered in resolving this case, the Court finds it relevant to emphasize in the context of resolving this motion that very little evidence was presented at trial regarding work performed under the enhanced services agreement in 2019. *See* ECF 254, at 21–23; *see also* ECF 246, at 195:5–8; ECF 248, at 67, 489:1–14 ("He cut me off. . . . It was, you know, a couple reports came in the beginning of the year, we're not really as active on the phone . . . .").

described herein." *Id.* at 10 ¶ 58 (emphasis added). That is why when the Court assessed Horowitz's operative complaint at the motion to dismiss stage, it observed that "[a]t most, Horowitz has alleged that he and Greenberg entered into a verbal partnership agreement, or some other contract, under which Greenberg agreed that Horowitz would receive a certain share of the profits generated by certain funds in the Crossroads Entities, at a rate that would change over time, in exchange for Horowitz's services." ECF 49, at 9.

Horowitz did *not* assert in the alternative, for example, a count for a breach of the services agreement existing in 2019. Rather, Horowitz asserted an alternative unjust enrichment claim against Greenberg for the "services solicited by Greenberg which benefitted Greenberg" during the relevant time period. ECF 37, at 11 ¶ 67. But as the Court observed in its memorandum opinion resolving the motions for summary judgment, "[a]n unjust enrichment claim cannot succeed if there was a contract governing the subject matter of the claim, absent a few narrow exceptions." ECF 181, at 27. Because discovery confirmed that an agreement for enhanced services existed in 2018 and was extended in 2019, the Court found that Horowitz's unjust enrichment count was incompatible with the facts of this case. *See id.* at 28. And to the extent that Horowitz argued the unjust enrichment count was for any other services provided during that time, such as "investment advice," he failed to meet his burden at summary judgment to produce evidence capable of keeping the count alive. *See id.* at 28–29.

At trial, the Court, in its role as factfinder, heard from Horowitz and Greenberg at length about the Philadelphia lunch at the heart of this case and the subsequent nature of the parties' working relationship throughout 2018 and 2019. The primary question the Court was tasked with deciding, and the only question it answered in its May 26, 2026 decision, was whether an unincorporated oral partnership agreement existed between Horowitz and Greenberg that

4

encompassed that time frame. *See* ECF 254, at 24. The Court concluded that no such agreement existed, in large part because it credited Greenberg's testimony over Horowitz's. *See, e.g., id.* at 23–24 (describing the Court's credibility analysis). Horowitz now attempts to advance arguments related to the enhanced services agreement that existed in 2019. *See* ECF 256-1, at 2–3. But that agreement is not, and has never been, the subject of Horowitz's breach of contract claim in this case. Nor was it the primary subject of the three-day bench trial and subsequent decision issued by the Court. The Court sees no reason to alter its judgment in this case.

Accordingly, for the reasons stated above, it is this 24th day of June, 2026, by the United States District Court for the District of Maryland ORDERED that Horowitz's motion to alter the order of judgment, ECF 256, is DENIED.

/s/
Brendan A. Hurson
United States District Judge

5